Evan L. Frank, Esq. (#311994)
Alan L. Frank Law Associates, P.C.
135 Old York Road
Jenkintown, PA 19046
215-935-1000
215-935-1110 (fax)
efrank@alflaw.net
Counsel for Plaintiff

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Mr. Sandless Franchise LLC, | : | Civil Action |
| | : | Docket number: |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| Spokane Surfacing Innovations LLC and | : | |
| Ryan Johnson, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## COMPLAINT

### Summary

1.  This is a trademark infringement and breach of contract case.  Defendants are a former franchise of Plaintiff and the franchise's individual proprietor / guarantor.  Defendants continue to advertise "Sandless" refinishing, which is confusingly similar to Plaintiff's registered mark, Mr. Sandless.  Since Defendants are a former "Mr. Sandless" franchise, their advertising of "Sandless" refinishing increases the likelihood of confusion because customers are more likely to associate the unauthorized services with Plaintiff due to the former franchisor-franchisee relationship.  During the term of the parties' Franchise Agreement (Ex. A), Defendants committed several breaches:  launched a website without approval despite the requirement at section 13.3.3; made the website for the operating company Spokane

Surfacing Innovations, LLC rather than the Mr. Sandless brand; changed the names of Defendants' Facebook business page and Google Business listings; used an outside marketing company without approval despite the requirement at section 9.8.  Before Plaintiff terminated the Franchise Agreement, Plaintiff made multiple requests for Defendants to take down the website, but Defendants refused.  Plaintiff terminated (Ex. B) the Franchise Agreement based on Defendants' violations.  Plaintiff requests an injunction directing Defendants to stop using Plaintiff's marks and confusingly similar marks, directing Defendants to transfer to Plaintiff the franchise telephone number as required under the Franchise Agreement, and directing Defendants to transfer to Plaintiff the website they used as a Mr. Sandless franchise as required under the Franchise Agreement.  Plaintiff also seeks damages for Defendants' trademark infringement and liquidated damages under the Franchise Agreement.

## Parties

2.  Plaintiff Mr. Sandless Franchise LLC is a Pennsylvania limited liability company.

3.  Defendant Ryan Johnson is an individual residing in Washington state.

4.  Spokane Surfacing Innovations LLC is a Washington state limited liability company.

## Jurisdiction and Venue

5.  This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims under the Lanham Act.  The Court has supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367 because they are so related that they form part of the same case or controversy.

6.  Venue is proper because of a choice-of-venue provision at section 24.6 of the parties' agreement (Ex. A).

**Facts**

7.  Plaintiff is the exclusive licensee of U.S. service mark registration No. 5173423, ***Mr. Sandless***® used in connection with services including wood floor finishing.

8.  Plaintiff has developed and markets exclusively (through authorized franchisees) proprietary products and methods of reconditioning wood floor.

9.  Plaintiff, as the exclusive franchise licensee of the trademark and owner of the methods franchised to Defendant, has been serving customers and members of the general consuming public under the mark since at least as early as April of 2004.

10. Defendants are a former licensed franchisee and its individual proprietor / guarantor.

11. Plaintiff and Defendant Spokane Surfacing Innovations entered into a Franchise Agreement (Ex. A) effective August 3, 2016.

12. The individual Defendant, Ryan Johnson, executed a Guaranty Agreement, which is Schedule C to the Franchise Agreement, with the same effective date.

13. The guaranty provides that the individual Defendant is "subject to and bound by all terms, conditions, restrictions and prohibitions contained in the Franchise Agreement."

14. Section 13.3, "Internet Website", and its subsections 13.3.3 and 13.3.4, all prohibit Defendants from operating their own website or their own social media in connection with the business without Plaintiff's consent.

15. Section 13.1 requires all advertising to be approved in advance by Plaintiff, and section 13.3.2 specifies that websites are considered "advertising" under the Franchise Agreement.

16. During the term of the Franchise Agreement, Defendants launched a website without Plaintiff's approval, in violation of the website-specific requirements at section 13.3, 13.3.3,

and 13.3.4 and in violation of the general requirement at section 13.1 that advertising be pre-approved.

17. Section 9.8 requires Defendants to only use approved vendors during the term of the Franchise Agreement.

18. During the term of the Franchise Agreement, Defendants used an outside marketing company without approval despite the requirement at section 9.8.

19. Before Plaintiff terminated the Franchise Agreement, Plaintiff made multiple requests in writing for Defendants to take down the website.

20. Defendants refused to take down the website.

21. As a result of Defendants' breaches and refusal to cure them, Plaintiff terminated the Franchise Agreement.

22. Plaintiff sent Defendants a notice of termination dated May 19, 2025, which Defendants received on May 29, 2025.

23. Under section 22.2, the notice of termination is effective on the date it was received by Defendants, May 29, 2025.

24. Section 11 of the Franchise Agreement provides a non-exclusive license to use certain "Proprietary Marks".

25. Section 11.1 provides that the license to use the marks automatically ceases upon termination or expiration of the agreement.

26. Section 11.2 provides that the marks were owned by Plaintiff, not the franchisee.

27. Section 11.2 further provides that the franchisee shall not "either during or after the term of this Agreement, do anything, or assist any other person to do anything, which would infringe upon, harm or contest our rights in any of the Proprietary Marks."

28. The parties' Internet Websites and Listings Agreement, which is Schedule E to the Franchise Agreement, requires Defendants to transfer any such websites to Plaintiff upon the termination of the Franchise Agreement.

29. The parties' Telephone Listing Agreement, which is also within Schedule E to the Franchise Agreement, requires Defendants to transfer the franchise telephone number to Plaintiff upon termination of the Franchise Agreement.

30. Following termination of the Franchise Agreement, Defendants still use marks that are confusingly similar to Plaintiff's marks, including the term "Sandless", to advertise in connection with their competing business.

31. The use of "Sandless" in a competing business by a former Mr. Sandless franchise increases the likelihood of confusion because customers are more likely to associate the unauthorized services with Plaintiff due to the former franchisor-franchisee relationship.

32. Defendants use their former Mr. Sandless franchise telephone number in connection with the operation of their competing business.

33. Defendants' use of the franchise telephone number to operate the competing business further increases the likelihood of confusion, since the telephone number was associated with a Mr. Sandless franchise. Defendants continue to use the telephone number, in violation of section 23.1.4 of the Franchise Agreement.

34. Section 24.6 provides for venue in this District.

35. Plaintiff is entitled to liquidated damages under section 23.4 of the Franchise Agreement.

36. Plaintiff is entitled to damages related to Defendants' diversion of business to their competing business.

37. Plaintiff is entitled to damages related to Defendants' infringement of Plaintiff's marks.

**Count I**
**Federal Service Mark Infringement – 15 U.S.C. § 1114(1)(a) and (b)**

38. Plaintiff incorporates by reference the foregoing paragraphs.

39. Plaintiff is the licensee of the mark ***Mr. Sandless***® and specifically asserts the exclusive right of use and right to license franchisees under the mark.

40. Plaintiff and Plaintiff's predecessors-in-interest first used the mark in connection with floor refinishing services at least as early as April of 2004 and has continued and expanded use up to the present.

41. Since long before the acts complained of herein, members of the general consumer population have recognized the mark as an exclusive source identifier for floor refinishing services originating from Plaintiff and/or Plaintiff's affiliates and successors.

42. Defendants' use of a confusingly similar term in advertising is causing and will continue to cause a likelihood of confusion, mistake, and deception with respect to the source and origin of the services offered by Defendants, the association of Defendants with Plaintiff, and Plaintiff's sponsorship, approval, or control of the services offered by Defendants.

43. On information and belief, Defendants acts complained of herein have been willful.

44. Unless enjoined by this Court, Defendants conduct will continue to cause a likelihood of consumer confusion, mistake, and deception.

45. Plaintiff is entitled to damages as a result of Defendants' actions. However, because damages alone will not provide Plaintiff with adequate relief, Plaintiff is also entitled to injunctive relief.

**Count II**
**Unfair Competition by False Designation of Origin by Trade Name and Service Mark Infringement – 15 U.S.C. § 1225(a)**

46. Plaintiff incorporates by reference the foregoing paragraphs.

47. Defendants are using advertising that is confusingly similar to Plaintiff's mark in connection with floor refinishing services.

48. Defendants are using Plaintiff's goodwill to advertise as if they were an authorized Mr. Sandless dealer.

49. Defendants have used the mark in commerce with the deliberate intent of capitalizing and trading on the goodwill and reputation of Plaintiff.

50. Defendants conduct has caused and will continue to cause the relevant public to believe erroneously that Defendants' services are associated, authorized, or controlled by Plaintiff.

51. Defendants conduct constitutes a false designation of the origin and/or sponsorship of such services.

52. On information and belief, Defendants acts complained of herein have been willful.

53. Defendants' conduct has caused and will continue to cause monetary damage to Plaintiff.

54. Defendants' conduct has caused and will continue to cause irreparable harm and injury to Plaintiff's goodwill and business reputation unless enjoined by this Court.

55. Plaintiff is entitled to damages as a result of Defendants' actions.  However, because damages alone will not provide Plaintiff with adequate relief, Plaintiff is also entitled to injunctive relief.

## Count III
## Trade Name or Service Mark Dilution – 15 U.S.C. § 1125(c)(1)

56. Plaintiff incorporates by reference the foregoing paragraphs.

57. Plaintiff's trade name and service marks have become famous due to long, extensive, continuous, and exclusive use by Plaintiff in connection with wood refinishing services.

58. On information and belief, Defendants' unauthorized use has lessened the capacity of Plaintiff's famous trade name and service mark to identify and distinguish the services of Plaintiff.

59. Defendants' acts have tarnished the reputation and recognition of Plaintiff's mark.

60. Plaintiff has no adequate remedy at law and is being irreparably damages by dilution of its mark.

**Count IV**
**Injury to Business Reputation and Dilution – 54 Pa. C.S. § 1125**

61. Plaintiff incorporates by reference the foregoing paragraphs.

62. Plaintiff is the owner of a mark that is distinctive and famous in Pennsylvania (and many other states).

63. Defendants' unauthorized use has diluted the quality of Plaintiff's mark.

64. On information and belief, Defendants' actions were taken with full knowledge that such actions would dilute the mark.

65. Defendants have caused and, unless enjoined, will continue to cause irreparable harm, including injury to Plaintiff's goodwill and reputation.

**Count V**
**Common Law Unfair Competition, Palming Off, Trade Name and Trademark Infringement**

66. Plaintiff incorporates by reference the foregoing paragraphs.

67. Defendants' actions constitute palming off its services as Plaintiff's services under Plaintiff's famous mark.

68. Defendants' actions constitute unfair competition.

69. Defendants' actions constitute trademark infringement.

70. Defendants have caused and, unless enjoined, will continue to cause irreparable harm, including injury to Plaintiff's goodwill and reputation.

71. Plaintiff incorporates by reference the foregoing paragraphs.

72. Defendants have competed with Plaintiff following the termination of the Franchise Agreement, in violation of the plain text of the agreement at sections 18.1 and 18.2 and Schedule D of the Franchise Agreement.

73. Plaintiff is entitled to damages as a result of Defendants' breach.  However, because damages alone will not be an adequate remedy, Plaintiff is also entitled to injunctive relief.

**Count VII**
**Breach of Contract**

74. Plaintiff incorporates by reference the foregoing paragraphs.

75. Defendants have failed to comply with the Franchise Agreement (and the Guaranty Agreement) by, among other things, operating a competing business after the term of the Franchise Agreement, using marks that are confusingly similar to Plaintiff's marks in connection with the competing business, using the franchise telephone number in connection with the competing business and not transferring the number to Plaintiff upon termination of the Franchise Agreement, operating a website for the business without the consent of Plaintiff and failing to transfer the website upon termination of the Franchise Agreement.

76. Additionally, Plaintiff is entitled to an award of attorney's fees under section 24.10.

**Count VIII**
**Violation of Plaintiff's Trade Secret Rights under Pennsylvania Uniform Trade Secrets Act**

77. Plaintiff incorporates by reference the foregoing paragraphs.

78. Defendants conduct constitutes the unauthorized use and appropriation of Plaintiff's trade secrets, proprietary methods, proprietary products, and information.

79. As a result of Defendants' conduct, Plaintiff has suffered damages.

**WHEREFORE,** Plaintiff demands judgment in its favor and against Defendants for damages in excess of $75,000, including liquidated damages, and damages related to Defendants' trademark infringement, plus punitive damages, costs of suit, interest, and attorney's fees, and injunctive relief directing that Defendants and, their officers, directors, partners, agents, servants, employees, attorneys, and anyone acting on their behalf be enjoined during the pendency of this action and permanently thereafter from:

A.  Using the mark ***Mr. Sandless***® or any similar derivation of the mark, or using any designation, trade name, trade dress, trademark, or service mark that is confusingly similar to the mark.

B.  Owning, maintaining, engaging in, being employed by, or having an interest in any other business offering sandless wood floor refinishing.

C.  For a period of 2 years following this Court's order, owning, maintaining, engaging in, being employed by, or having any interest in any other business which provides sandless wood floor refinishing, wood floor cleaning, or floor maintenance, or any other services or products similar to those offered by Plaintiff.

D.  Soliciting business from customers of Defendants' former floor businesses, contacting any supplier of Mr. Sandless for any competitive business purpose, or soliciting any employee of Mr. Sandless, its affiliates, or its franchisees.

And that Defendants be ordered to:

A.  Account for all profits made by Defendants as a result of Defendants' infringement.

B.  Discontinue their advertising for services including their use of the ***Mr. Sandless***® mark and any confusingly similar mark.

C.  Transfer the franchise telephone number and website to Plaintiff.

D.  Comply with all covenants provided by the Franchise Agreement.

Respectfully submitted,


/s/ Evan L. Frank
Evan L. Frank, Esq. (311994)
Alan L. Frank Law Associates, P.C.
135 Old York Road
Jenkintown, PA 19046
215-935-1000
215-935-1110 (fax)
efrank@alflaw.net
Counsel for Plaintiff

June 12, 2025